IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM A. MALONE, # B-52858, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 16-cv-976-MJR |
| ) | |
| COUNSELOR SELBY, ) | |
| and MAJOR MALCOME, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. On August 29, 2016, following the Memorandum and Order entered in *Malone v. Lashbrook, et al.*, Case No. 16-cv-200-SMY (Doc. 1 in the instant case), this matter was severed from the original case pursuant to *George v. Smith*, 507 F.3d 605 (7th Cir. 2007). The two claims in the instant action, designated by the Court as Counts 7 and 8 in the original case, are as follows:

**Count 7:** First Amendment claim against Defendants Selby and Malcome for interfering with Plaintiff's practice of his religion, by destroying or discarding Plaintiff's bible concordance on October 9, 2014;

**Count 8:** Eighth Amendment claim against Defendant Selby for threatening Plaintiff with segregation over his use of the shower on October 10, 2014.

As Plaintiff was informed in the order severing his claims, the required preliminary review of these claims pursuant to 28 U.S.C. § 1915A is now due to be conducted.

Under § 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a). The Court must dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be

granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b).

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Frivolousness is an objective standard that refers to a claim that "no reasonable person could suppose to have any merit." *Lee v. Clinton*, 209 F.3d 1025, 1026-27 (7th Cir. 2000). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The claim of entitlement to relief must cross "the line between possibility and plausibility." *Id*. at 557. Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although the Court is obligated to accept factual allegations as true, *see Smith v. Peters*, 631 F.3d 418, 419 (7th Cir. 2011), some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Applying these standards, the Court finds that one of Plaintiff's claims survives threshold review under § 1915A.

### The Complaint

As noted in the order severing the claims (Doc. 1), Plaintiff's narrative is very

brief, consisting primarily of a cursory list of grievances filed by Plaintiff, and assertions of constitutional violations. He includes little detail. The only allegations supporting Counts 7 and 8 are as follows.

On October 9, 2014, Plaintiff states that Defendant Selby: "destroyed/discarded Plaintiff's Bible concordance and Major Malcome condoned act." (Doc. 2, p. 14).

On October 10, 2014, he accuses Defendant Selby of "Intimidation- Threats, Harassment that if Plaintiff request/remains in shower over 15 min[utes] Plaintiff would be walked to seg." (Doc. 2, p. 14).

The complaint seeks compensatory and punitive damages. (Doc. 2-2, p. 15).

## Discussion

Accepting Plaintiff's factual allegations as true, the Court finds that the claim in **Count 7** against Defendant Selby for interference with Plaintiff's practice of religion survives threshold review under § 1915A. However, the complaint does not contain sufficient allegations to state a claim against Defendant Malcome with reference to that incident. Similarly, **Count 8** fails to state a claim against Defendant Selby for intimidation, threats, and/or harassment. Count 8 shall be dismissed.

### Count 7 – First Amendment – Interference with Practice of Religion

It is well established that "a prisoner is entitled to practice his religion insofar as doing so does not unduly burden the administration of the prison." *Hunafa v. Murphy*, 907 F.2d 46, 47 (7th Cir. 1990); *see Al-Alamin v. Gramley*, 926 F.2d 680, 686 and nn. 3-5 (7th Cir. 1991) (collecting cases). "[W]hile freedom to believe is absolute, the exercise of religion is not . . . ." *Childs v. Duckworth*, 705 F.2d 915, 920 (7th Cir. 1983), and "prison officials may legitimately impose certain restrictions on the practice of religion in prison . . ." where there is a compelling

interest. *Id*. (citations omitted). Legitimate penological interests include the preservation of security in prison, as well as economic concerns. *See Ortiz v. Downey*, 561 F.3d 664, 669 (7th Cir. 2009). When these concerns are raised as justifications by prison officials for their actions that restrict the practice of religion, the court looks at four factors to determine whether the restriction is constitutional:

> (1) whether the restriction "is rationally related to a legitimate and neutral governmental objective"; (2) "whether there are alternative means of exercising the right that remain open to the inmate"; (3) "what impact an accommodation of the asserted right will have on guards and other inmates"; and (4) "whether there are obvious alternatives to the [restriction] that show that it is an exaggerated response to [penological] concerns."

*Id*. (citing *Lindell v. Frank*, 377 F.3d 655, 657 (7th Cir. 2004)). *See also Turner v. Safley*, 482 U.S. 78, 89 (1987).

In the case at bar, Plaintiff does not make a general challenge to a prison regulation, nor does he complain that any particular regulation interfered with the free exercise of his beliefs. Therefore, the question of whether the prison has valid penological reasons for a regulation is not presently at issue. Rather, Plaintiff complains that Defendant Selby either destroyed or discarded his bible concordance on October 9, 2014. He gives no information to suggest that Defendant Selby acted pursuant to some prison policy or rule.

While Plaintiff provides no further detail, his brief factual statement indicates that before Defendant Selby intervened, Plaintiff possessed a religious text that he presumably used for biblical study or religious practice. Defendant Selby caused Plaintiff to lose his access to that book. Construing these facts liberally in Plaintiff's favor, the complaint suggests a colorable claim that Defendant Selby's action burdened Plaintiff's ability to practice his faith. Further factual development and consideration of this claim is therefore appropriate at this early stage.

However, Plaintiff's only statement regarding Defendant Malcome is that he "condoned" Defendant Selby's act. This conclusion does not reveal what action(s), if any, Defendant Malcome took with reference to the disposition of the bible concordance. Section 1983 creates a cause of action based on personal liability and predicated upon fault; thus, "to be liable under § 1983, the individual defendant must have caused or participated in a constitutional deprivation." *Pepper v. Village of Oak Park*, 430 F.3d 805, 810 (7th Cir. 2005) (internal quotations and citations omitted). In order to state a claim against a Defendant, a plaintiff must describe what each named Defendant did (or failed to do), that violated the plaintiff's constitutional rights. Mere agreement or inaction after the fact is not enough to impose liability on an individual who was not personally involved in the action (or inaction) that violated the Constitution. The claim that Defendant Malcome "condoned" Defendant Selby's action fails to suggest that Defendant Malcome himself had any part in the destruction or disposal of Plaintiff's book. Therefore, Defendant Malcome shall be dismissed from Count 7, and from the action, without prejudice.

To summarize, the First Amendment claim in **Count 7** shall proceed for further consideration against Defendant Selby only.

### Dismissal of Count 8 – Threats of Segregation

Again, Plaintiff's factual allegations in support of this claim are sparse. On October 10, 2014, he says that Defendant Selby told him that if Plaintiff requested or remained in the shower for over 15 minutes, he would take Plaintiff to segregation. Plaintiff does not claim that Defendant Selby actually sent Plaintiff to segregation or filed any disciplinary charge against him regarding that incident. He characterizes Defendant Selby's words as "intimidation," a "threat," and "harassment." (Doc. 2, p. 14).

Plaintiff provides the Court with no context to illustrate whether the 15-minute limit on showering was reasonable or in accordance with prison rules. However, inmates can incur disciplinary charges for refusing to follow orders, insubordination, or backtalk. An advance warning to inform a prisoner of possible disciplinary action if the prisoner disobeys a directive does not violate a constitutional right. For example, in *Kervin v. Barnes*, 787 F.3d 833 (7th Cir. 2015), the court held that no constitutional claim arose when a guard threatened an inmate with punishment for asking to leave the prison day room to meet with his attorney, after the inmate had previously been told he could not leave the day room "just yet." *Kervin*, 787 F.3d at 834. The Seventh Circuit noted that the guard's threat was triggered by the inmate's insubordinate speech, and that such "backtalk" is not constitutionally protected.

Even if the Court were to accept Plaintiff's characterization of Defendant Selby's remarks as "harassment," this does not rise to the level of a constitutional violation. *See DeWalt v. Carter*, 224 F.3d 607, 612 (7th Cir. 2000) ("Standing alone, simple verbal harassment does not constitute cruel and unusual punishment, deprive a prisoner of a protected liberty interest or deny a prisoner equal protection of the laws").

For these reasons, **Count 8** against Defendant Selby for threatening Plaintiff with segregation shall be dismissed with prejudice.

### Pending Motion

The "Motion for Relief from Multiple Violations" (Doc. 5) is **DENIED** without prejudice. According to the caption on this motion, Plaintiff filed the identical motion in each of eleven pending cases in this Court. In it, he complains of an alleged retaliatory act that was perpetrated against him on September 6, 2016, by a prison official who is not a party to this action. That matter has no relevance to the instant case, thus no relief can be granted in this

action regarding the alleged retaliation.

The motion further claims that Plaintiff has been denied access to the law library, and requests an extension of time to comply with orders of this Court.  In the present case, there are no outstanding deadlines facing Plaintiff.  Nor is there presently any reason why Plaintiff must be given access to the law library beyond what he would otherwise have.  Thus, no order regarding library access or deadlines is warranted in this case.

Finally, Plaintiff requests the appointment of counsel.  Again, in the present action, Plaintiff has not filed a motion requesting the court to recruit counsel for him.  As such, this request is also denied, but without prejudice to consideration of this request if Plaintiff files a proper motion.

## Disposition

**COUNT 8** is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.  Defendant **MALCOME** is **DISMISSED** from this action without prejudice.

As to **COUNT 7**, the Clerk of Court shall prepare for Defendant **SELBY**: (1) Form 5 (Notice of a Lawsuit and Request to Waive Service of a Summons), and (2) Form 6 (Waiver of Service of Summons).  The Clerk is **DIRECTED** to mail these forms, a copy of the complaint, and this Memorandum and Order to Defendant's place of employment as identified by Plaintiff.  If Defendant fails to sign and return the Waiver of Service of Summons (Form 6) to the Clerk within 30 days from the date the forms were sent, the Clerk shall take appropriate steps to effect formal service on Defendant, and the Court will require Defendant to pay the full costs of formal service, to the extent authorized by the Federal Rules of Civil Procedure.

If the Defendant cannot be found at the address provided by Plaintiff, the

employer shall furnish the Clerk with the Defendant's current work address, or, if not known, the Defendant's last-known address. This information shall be used only for sending the forms as directed above or for formally effecting service. Any documentation of the address shall be retained only by the Clerk. Address information shall not be maintained in the court file, nor disclosed by the Clerk.

Plaintiff shall serve upon Defendant (or upon defense counsel once an appearance is entered), a copy of every further pleading or other document submitted for consideration by the Court. Plaintiff shall include with the original paper to be filed a certificate stating the date on which a true and correct copy of any document was served on Defendant or counsel. Any paper received by a district judge or magistrate judge that has not been filed with the Clerk or that fails to include a certificate of service will be disregarded by the Court.

Defendant is **ORDERED** to timely file an appropriate responsive pleading to the complaint and shall not waive filing a reply pursuant to 42 U.S.C. § 1997e(g).

Pursuant to Local Rule 72.1(a)(2), this action is **REFERRED** to **United States Magistrate Judge Stephen C. Williams** for further pre-trial proceedings.

Further, this entire matter shall be **REFERRED** to United States Magistrate Judge Williams for disposition, pursuant to Local Rule 72.2(b)(2) and 28 U.S.C. § 636(c), *if all parties consent to such a referral.*

If judgment is rendered against Plaintiff, and the judgment includes the payment of costs under § 1915, Plaintiff will be required to pay the full amount of the costs, notwithstanding that his application to proceed *in forma pauperis* has been granted. *See* 28 U.S.C. § 1915(f)(2)(A).

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the

Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. *See* FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**
**DATED: December 6, 2016**

s/ MICHAEL J. REAGAN
**U.S. Chief District Judge**